# EXHIBIT A

F. #2018R01064

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | [PROPOSED] <u>ORDER</u> |
| - against - | 21 CR 54 (DG) |
| DAVID GENTILE, <u>et al.</u>, | |
| Defendants. | |

------------------------------------------X

WHEREAS, the government is in possession of certain electronic materials collected in connection with its search of the offices of GPB Capital Holdings LLC ("GPB"), that have been determined to be potentially privileged through the use of search terms previously provided by counsel to GPB; and

WHEREAS, the government intends to produce those materials to the individual defendants in the above-captioned case;

IT IS HEREBY ORDERED THAT:

1. Firewall Assistant United States Attorneys and their staff (the "Firewall Team") will produce to all the defendants, on a rolling basis, the Potentially Privileged Discovery Materials.

2. None of the defendants in the above-captioned case waives any individual attorney-client privilege claim that may apply with respect to any of the Potentially Privileged Discovery Materials.

3. GPB and the following entities (the "GPB Funds") do not waive any privilege claim, including claims for attorney-client or work product, or any other applicable

privilege, that may apply with respect to any of the Potentially Privileged Discovery Materials:

> GPB Holdings, L.P.
> GPB Holdings II, L.P.
> GPB Holdings Qualified L.P.
> GPB Automotive Portfolio, L.P.
> GPB Cold Storage, L.P.
> GPB Waste/Armada Management, L.P.
> GPB NYC Development, L.P.
> GPB Automotive Income Fund, Ltd.
> GPB Holdings III, L.P.

4. The production of the Potentially Privileged Discovery Materials contemplated herein will not operate to waive any attorney-client privilege that may apply to those materials, including any attorney-client privilege held or claimed to be held by an individual or entity that is not specified herein. Such parties will be permitted to assert a claim of privilege over the Potentially Privileged Discovery Materials at a later date if they wish, by communicating such claim to Assistant United States Attorney Samuel Nitze at Samuel.Nitze@usdoj.com.

5. Pursuant to Federal Rule of Evidence 502(d), the Court orders that the Firewall Team's production of the Potentially Privileged Discovery Materials to the defendants does not waive—in this proceeding, and in any other federal or state proceeding—any party's rights under the attorney-client privilege, work product doctrine, or any other applicable privilege. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

6. After the Firewall Team identifies to defense counsel and the GPB Funds' counsel Potentially Privileged Material that the Firewall Team intends to provide to the Assistant United States Attorneys assigned to the trial in this case (the "Trial Team"), defense counsel and the GPB Funds' counsel may advise the Firewall Team and the other defendants

(the "Parties") of any objections.

7.   In addition, defense counsel and GPB Funds' counsel may advise the Parties of any documents that counsel believes are subject to any privilege (collectively with other objected-to Potentially Privileged Materials, the "Challenged Documents").

8.   The Parties will meet and confer as to the Challenged Documents, if any, and, if they do not reach an agreement, may request a ruling from the Court. The Firewall Team will not provide Challenged Documents to the Trial Team until an agreement is reached or an order is entered.

9.   The government does not concede that any of the Potentially Privileged Discovery Materials are subject to any privilege, including but not limited to the attorney-client privilege.

Dated: Brooklyn, New York
       October __, 2021

So Ordered.

_____
THE HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK